United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| THC - ORANGE COUNTY INC., <br><br> Plaintiff, <br><br> v. <br><br> PABLO VALDEZ, <br><br> Defendant. | Case No. 17-cv-01911-LB <br><br> **ORDER DENYING WITHOUT PREJUDICE THE PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION** <br><br> Re: ECF No. 33 |

## INTRODUCTION & BACKGROUND

Kindred Hospital[1] brought this case to recover payment for care and treatment that it provided to a patient.[2] To recover those payments, Kindred sued the patient's husband, Pablo Valdez, Sutter Health, Sutter East Bay Medical Foundation, SutterSelect Plan Administration Committee, and Sutter East Bay Region Self-Funded Health Plan. The Sutter defendants waived service and answered the complaint.[3] Kindred has not yet served Mr. Valdez, though, and so he has not appeared to defend against the complaint. Because a non-appearing defendant (such as Mr. Valdez) implicates the undersigned's jurisdiction, the appearing parties stipulated to sever Mr.

---

[1] The plaintiff's full name is THC – Orange County, Inc., d/b/a Kindred Hospital San Francisco – Bay Area.

[2] *See generally* Compl. – ECF No. 1. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[3] *See* Case No. 3:16-cv-07386-LB, ECF Nos. 7–10, 15.

ORDER — No. 17-cv-01911-LB

Valdez from the original case, which the court did.[4] Kindred now seeks to serve Mr. Valdez by publication in the Bay Area Spanish-language newspaper *Visión Hispana*.[5]

The court can decide the matter without oral argument and vacates the May 25, 2017 hearing. Civil L.R. 7-1(b). The court denies Kindred's motion without prejudice because it has not demonstrated, by affidavit, "reasonable diligence" in its attempts to serve Mr. Valdez or that "[a] cause of action exists against [him]." *See* Cal. Civ. Proc. Code § 415.50(a).

## GOVERNING LAW

Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual defendant using any method permitted by the law of the state in which the district court is located or in which service is affected. Fed. R. Civ. P. 4(e)(1). California law permits service by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner" specified in Article 3 of the California Code of Civil Procedure. Cal. Civ. Proc. Code § 415.50(a). Other such methods include: (1) personal delivery to the party, *see id.* § 415.10; (2) delivery to someone else at the party's usual residence or place of business with mailing after (known as "substitute service"), *see id.* § 415.20; (3) service by mail with acknowledgment of receipt, *see id.* § 415.30; and (4) service on persons outside the state by certified or registered mail with a return receipt requested, *see id.* § 415.40. And, under section 413.30 (in Article 4), courts in this district have authorized service by email. *See Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012); *Balsam v. Angeles Tech. Inc.*, No. C 06-04114 JF (HRL), 2007 WL 2070297, at *4 (N.D. Cal. July 17, 2007).

In determining whether a plaintiff has exercised "reasonable diligence," the court examines the affidavit required by the statute to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v.*

---

[4] *See* Case No. 3:16-cv-07386-LB, ECF Nos. 25, 30.

[5] Motion to Serve by Publication – ECF No. 33.

ORDER — No. 17-cv-01911-LB            2

*Badalian*, 87 Cal. App. 3d 327, 333 (1978). The "reasonable diligence" requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (1996). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (internal quotations and citations omitted). And because of due process concerns, service by publication should be allowed only "as a last resort." *Donel*, 87 Cal. App. 3d at 333.

That a plaintiff has taken one or a few reasonable steps does not necessarily mean that all "myriad . . . avenues" have been properly exhausted to warrant service by publication. *Id.* But a plaintiff will generally satisfy its burden through "[a] number of honest attempts to learn [a] defendant's whereabouts or his address" by asking his relatives, friends, acquaintances, or employers, and by investigating "appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location." *Kott*, 45 Cal. App. 4th at 1137 (internal quotations omitted). "These are likely sources of information, and consequently must be searched before resorting to service by publication." *Id.* The reasonable-diligence inquiry is fact and case specific. *Id.* at 1137–38 ("[T]he showing of diligence in a given case must rest on its own facts and no single formula nor mode of search can be said to constitute due diligence in every case.").

In addition to the reasonable-diligence requirement, a plaintiff requesting service by publication must show, by affidavit, that "[a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a)(1). The plaintiff "must offer 'independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant.'" *Cummings v. Hale*, No. 15-cv-04723-JCS, 2016 WL 4762208, at *2 (N.D. Cal. Sept. 13, 2016) (quoting *McNamara v. Sher*, No. 11-CV-1344-BEN (WVG), 2012 WL 760531, at *4 (S.D. Cal. Mar. 8, 2012)); *see also Zhang v. Tse*, Nos. C 07-4946 JSW, 05-2641 JSW, 2012 WL 3583036, at *3 (N.D. Cal. Aug. 20, 2012) (collecting cases).

**ANALYSIS**

**1. Reasonable Diligence**

The first issue is whether Kindred has demonstrated reasonable diligence in its attempts to serve Mr. Valdez.

In *Castillo-Antonio v. Azurdia*, the plaintiff did not satisfy its burden. No. C-13-05709 DMR, 2014 WL 4060219 (N.D. Cal. Aug. 14, 2014). There, the plaintiff's service-related efforts included: (1) counsel's "investigation at the Contra Costa County Tax Assessor's Office regarding the owner of the [defendant's business's] property," (2) a process server's four attempts to personally serve the defendant at that address, and (3) counsel's attempt to mail "packages" to the same address. *Id.* at *2. "[T]hese attempts d[id] not exhaust the myriad other options available." *Id.* a *3. Instead, the plaintiff could have taken several other measures to discover the defendant's whereabouts and confirm his property holdings, including: "searching phone books, online people search tools, voter registries, or other common sources of information, or by hiring a private investigator"; "contacting relatives, friends, or neighbors"; and contacting the co-defendant (who had been served) for the defendant's contact information. *Id.* The court also noted that the plaintiff "did not indicate whether he had an email address for [the defendant], and whether he attempted to reach [the defendant] via that email address." *Id.* Finding the plaintiff's assertion that "[f]urther investigation has been fruitless" insufficient "without details as to the steps actually taken," the court denied the plaintiff's request for service by publication. *Id.* at *3–*4 (alteration in original); *see also Castillo-Antonio v. Azurdia*, No. C-13-05709 DMR, 2014 WL 7206609 (N.D. Cal. Dec. 18, 2014) (denying the plaintiff's renewed request for service by publication even after the plaintiff hired a private investigator).

Here, like the plaintiff in *Castillo-Antonio*, Kindred has not demonstrated "reasonable diligence" under section 415.50(a). Kindred's attorney declares that she retained "Interceptor Legal Support Service to serve Mr. Valdez with the summons, complaint[,] and other documents."[6] In February 2017, Kindred's attorney "received notification from Interceptor . . . that

---

[6] Simon Decl. – ECF No. 33 at 6, ¶ 3.

ORDER — No. 17-cv-01911-LB    4

the process server, despite diligent efforts, had been unable to serve Mr. Valdez."[7] The process server's report details four unsuccessful attempts to serve Mr. Valdez at 1207 95th Avenue, Oakland, California, which Kindred asserts is Mr. Valdez's last known address.[8] Those attempts took place in the morning, afternoon, and evening between February 16 and 21, 2017, and the process server (from behind an iron gate) honked, yelled, and attempted to speak with neighbors, all to no avail.[9] Kindred's attorney then wrote a letter to Mr. Valdez, had it translated into Spanish (Mr. Valdez had previously requested a Spanish interpreter at Kindred), and mailed it by U.S.P.S. priority mail, along with the complaint, summons, and other pleadings.[10] Although the letter was delivered on March 17, Kindred has not heard from Mr. Valdez.[11]

So, as in *Castillo-Antonio*, Kindred tried to serve Mr. Valdez by personal service at his "last known address" four times, then sent him process by mail to that same address. These efforts do not demonstrate reasonable diligence and did not exhaust the myriad other options available.

First, Kindred asserts (in its motion, not by declaration) that Mr. Valdez's last known address was at 1207 95th Avenue, but it does not provide any explanation about how it knows this or when Mr. Valdez last lived there. It does not, in other words, describe its efforts to determine Mr. Valdez's residence. The process server once unsuccessfully tried to speak with neighbors, but that alone is insufficient to demonstrate the type of diligence necessary to discover his whereabouts — for example, Kindred could also have consulted phone books, online tools, voter registries, friends or relatives, or a private investigator.

Second, Kindred does not say whether it has an email address for Mr. Valdez, or whether it tried to contact him by that address. Any email communications may be relevant to demonstrate Kindred's diligence, *see Castillo-Antonio*, 2014 WL 4060219 at *3; whether Mr. Valdez received actual notice of the lawsuit and is evading service, thus bolstering the case for service by

---

[7] *Id.* ¶ 4.

[8] Simon Decl., Ex. 1; Motion to Serve by Publication at 3.

[9] Simon Decl., Ex. 1.

[10] Simon Decl. ¶¶ 5–6, Exs. 2–3.

[11] Simon Decl. ¶ 6.

ORDER — No. 17-cv-01911-LB  5

1  publication, *see Felix v. Anderson*, No. 14-cv-03809-JCS, 2015 WL 545483, at *2–*3 (N.D. Cal.

2  Feb. 9, 2015); and whether service by email is a superior means to provide Mr. Valdez with actual

3  notice of the suit, *see Facebook*, 2012 WL 1038752 at *3.

4  Kindred has not shown "reasonable diligence" under section 415.50(a).

### 2. Affidavit Showing a Cause of Action Exists

The second issue is whether Kindred has satisfied its statutory burden of demonstrating, by affidavit, that a cause of action exists against Mr. Valdez.

In *Castillo-Antonio*, the plaintiff did not submit an affidavit to support a cause of action against the defendant. 2014 WL 4060219 at *2. The plaintiff submitted his attorney's declaration, which contained a "short" statement of facts: "it list[ed] the causes of action brought against [the defendant], and state[d] that counsel has personally interviewed [his] client and prepared the complaint, and can attest that each of these causes of action have a factual basis and merit." *Id.* (internal quotations omitted). The attorney's declaration also incorporated by reference (and certified) the factual allegations in the complaint. *Id.* But this was insufficient: "[r]eference to another document for the statement of facts is insufficient because the affidavit itself must include the statement of facts." *Id.* (citing *Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (1977)); *see also Cummings*, 2016 WL 4762208 at *3 (denying the plaintiff's request for service by publication because the submitted declaration "d[id] not purport to be an affidavit, [was] not sworn, and d[id] not demonstrate counsel's personal knowledge of the facts at issue").

Here, as in *Castillo-Antonio*, Kindred has not shown by affidavit that a cause of action exists against Mr. Valdez. As discussed above, it submits the declaration of counsel, who recites only limited facts about Kindred's attempts to serve Mr. Valdez.[12] The declaration does not offer any "independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against [Mr. Valdez]." *Cummings*, 2016 WL 4762208 at *3 (citing *McNamara*, 2012 WL 760531 at *4). And, as a declaration (not an affidavit), it is unclear that this document

---
[12] *See id.* ¶¶ 1–6.

could legally satisfy section 415.50(a)'s affidavit requirement (to establish either reasonable diligence or a cause of action). *See id.* ("Under California law, service by publication is neither appropriate nor valid without such an affidavit."); *Harris*, 68 Cal. App. 3d at 726–27 (setting aside default judgment where service by publication was based on a verified complaint, not an affidavit).

Kindred does not adequately show that a cause of action exists against Mr. Valdez.

\* \* \*

In sum, Kindred has not demonstrated, by affidavit, "reasonable diligence" or that a cause of action exists against Mr. Valdez. The court therefore denies without prejudice its request to serve Mr. Valdez by publication.

## CONCLUSION

The court denies without prejudice Kindred's motion for service by publication.

**IT IS SO ORDERED.**

Dated: May 17, 2017

_____
LAUREL BEELER
United States Magistrate Judge